UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

David Thibodeau

    v.                                         Civil No. 09-cv-309-JL
                                             Opinion No. 2010 DNH 083
Christopher Mudgett
and Town of Claremont

**MEMORANDUM ORDER**

This action arises out of the arrest and prosecution of plaintiff David Thibodeau on a charge that he assaulted a police officer, which was later dropped. Thibodeau then brought this lawsuit against the Town of Claremont and one of its police officers, Christopher Mudgett, alleging a Fourth Amendment violation and various state-law torts.[1] The defendants now move for judgment on the pleadings, see Fed. R. Civ. P. 12(c), on certain of Thibodeau's state-law claims, arguing that they fail to state a claim for relief.[2]

---

[1] Thibodeau's complaint also mentioned unspecified violations of the First, Fifth, Sixth, and Eighth Amendments, but any such claims were stricken with his assent based on discussions between the court and counsel at the preliminary pretrial conference.

[2] While Thibodeau sought, and was granted, an extension of time to respond to the motion, that extended deadline has passed without any response. Yet "the mere fact that a motion [for judgment on the pleadings] is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003).

This court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332(a)(1) (diversity, because Thibodeau is a citizen of Vermont while Mudgett and the Town of Claremont are citizens of New Hampshire), and 1367 (supplemental jurisdiction). The defendant's motion for judgment on the pleadings is denied. While the complaint is not rich with factual detail by any means, Thibodeau alleges just "enough facts to state a claim to relief that is plausible on its face" and therefore "nudges [his] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## I. Background

In ruling on a motion for judgment on the pleadings, a court "must view the well-pleaded facts in the light most favorable to the non-moving party, drawing all reasonable inferences in its favor." Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008). Taken from this perspective, the complaint alleges the following. As Thibodeau was driving over a bridge spanning Claremont, New Hampshire and Ascutney, Vermont one night, another "vehicle performed an erratic U-turn in front of him" without signaling. In response, Thibodeau "briefly turned on his high beams," only to notice, as the offending vehicle proceeded to drive by, that it was a police cruiser. The cruiser then pulled behind Thibodeau's vehicle and turned on its flashing

overhead lights.  By the time Thibodeau noticed, he says, he had completed his crossing into Vermont, where he pulled over.

Mudgett exited the cruiser, approached Thibodeau's vehicle and, according to the complaint, proceeded to make him "feel uncomfortable and intimidated."  Mudgett allegedly yelled at Thibodeau for using his high beams, and, when questioned about his authority to stop Thibodeau even though he had crossed the state line into Vermont, "used expletives, [and] appeared to be very agitated and threatening."  When Thibodeau attempted to call the Vermont State Police, Mudgett "became physically violent when removing [Thibodeau] from his vehicle."

After one or more officers from the Vermont State Police arrived, Thibodeau was arrested at Mudgett's request.  Thibodeau was transported to a police station, where he was detained for three hours.  He was then arraigned on a single charge of assaulting a law enforcement officer in violation of Vermont law. See Vt. Stat. Ann. tit. 13, § 1028(a).  Following a preliminary hearing, that charge was dismissed.  This lawsuit followed.

## II.  Analysis

"[T]o survive . . . a Rule 12(c) motion, a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'"  Perez-Acevedo v. Rivero-Cubano, 520

F.3d 26, 29 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 555 (citation and footnote omitted by the court)) (parentheses and ellipse omitted).  The defendants argue that certain claims set forth in Thibodeau's complaint fail to satisfy this standard, namely, his state-law causes of action for "negligence in hiring and retaining" (count 3), "negligence in training and supervising" (count 4), and malicious prosecution (count 6).

**A.   Malicious prosecution**

"To succeed in an action for malicious prosecution, the plaintiff must prove that he was subjected to a criminal prosecution instituted by the defendant without probable cause and with malice, and that the criminal proceeding terminated in his favor."  Stock v. Byers, 120 N.H. 844, 846 (1980) (quotation marks omitted).  Thibodeau alleges that he was "wholly innocent" of the charge of assaulting an officer, which was ultimately dismissed, and that it was brought "maliciously and without any reasonable or probable cause therefore [*sic*]."  Calling this a "conclusory allegation," the defendants argue that the complaint "fail[s] to set forth any facts that could, if true, establish that [they] lacked probable cause or acted with malice."

But in support of his common-law assault and battery claim (as to which the defendants have not sought judgment on the pleadings) Thibodeau alleges that Mudgett assaulted him "without

4

just cause or provocation and with great force and violence." Nevertheless, at Mudgett's request, Thibodeau was charged with assaulting Mudgett.  Because the complaint alleges that Mudgett was the one who assaulted Thibodeau, not the other way around, it plausibly states that Mudgett lacked probable cause for having Thibodeau charged with assault.[3]

The complaint also plausibly states that Mudgett acted with malice in doing so.  Thibodeau alleges that, during the traffic stop, Mudgett "became very angry" and eventually "physically violent" toward him in removing him from his vehicle.  This all happened, moreover, after Mudgett had allegedly pulled Thibodeau over for flashing his high beams at the cruiser, yelled at him for doing so, and responded to his question about Mudgett's authority with expletives and threats.[4]

These allegations lend the requisite "facial plausibility" to Thibodeau's malicious prosecution claim, because they provide

---

[3]Indeed, it is difficult to imagine what a plaintiff can do to plead a lack of probable cause, other than laying out facts allegedly known to the defendant that fail to establish it.  As one court has recognized, because "want of probable cause is negative in character," a plaintiff must often show it "by circumstances or otherwise" to prevail on a malicious prosecution claim.  Zenik v. O'Brien, 79 A.2d 769, 772 (Conn. 1951).

[4]The court acknowledges that, at the preliminary pretrial conference, the defendants presented a very different version of these events.  For purposes of the defendants' motion for judgment on the pleadings, however, the court must accept the allegations of the complaint as true.

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal v. Ashcroft, 129 S. Ct. 1937, 1949 (2007).  It is reasonable to infer, from the totality of Mudgett's alleged interaction with Thibodeau, that Mudgett had Thibodeau prosecuted principally "because of spite, ill will, or personal hostility toward him," thus making out the malice element of the tort.  Restatement (Second) of Torts § 668 cmt. *f* (1977).  The complaint states a common-law claim for malicious prosecution.

**B.   Negligence**

The complaint also adequately states claims for negligent hiring, retention, training, and supervision.  New Hampshire recognizes "a cause of action against an employer for negligently hiring or retaining an employee that the employer knew or should have known was unfit for the job so as to create a danger of harm to third persons."  Marquay v. Eno, 139 N.H. 708, 718 (1995).  Thibodeau alleges that the Town of Claremont "failed to exercise due care and caution in [its] hiring practices" by either "fail[ing] to investigate [Mudgett's] background[], in that [he] lacked the maturity, sensibility and intelligence to be employed" or knowing of Mudgett's "lack of ability, experience, deportment [and] maturity" but hiring him anyway.

6

These allegations make out a plausible claim that the Town was negligent in hiring or retaining Mudgett, so as to create a danger of harm to third persons like Thibodeau--particularly in light of the allegations of Mudgett's unprofessional behavior toward Thibodeau just discussed. See Vladen v. Campbell, No. 09-12, 2009 WL 1919474, at *3 (N.D. Fla. July 2, 2009) (applying Twombly standard in ruling that "allegations that the [employer] had knowledge of the [employee's] propensities and negligently failed to act," resulting in the plaintiff's injury, sufficed to state claims for negligent retention and supervision). Indeed, this court recently rejected the argument that, to plead a negligence claim, a plaintiff must specify precisely how the defendant's conduct was inadequate or how it caused the plaintiff's injury. Kmart Corp. v. R.K. Hooksett, LLC, 2010 DNH 030, 2-3. As this court observed there, the federal pleading standard, even after Twombly and Iqbal, "'"does not require detailed factual allegations."'" Id. at 3 (quoting Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555)).

For largely the same reasons, the complaint also makes out a plausible claim that the Town was negligent in training and supervising Mudgett. Under New Hampshire law, "'[a] person conducting activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless in giving improper or ambiguous orders; or

7

. . . in the supervision of the activity.'" Cutter v. Town of Farmington, 126 N.H. 836, 840-41 (1985) (quoting Restatement (Second) of Agency § 213 (1958)) (formatting altered).

Thibodeau alleges that the Town, among other deficiencies, failed to train or supervise Mudgett and other employees "to control their tempers and exercise the proper deportment and temperament," resulting in Thibodeau's injury.  This suffices to state a claim for negligent training and supervision, at least in light of the complaint's detailed allegations of Mudgett's conduct during his encounter with Thibodeau.  See Defouw v. Candela Laser Corp., No. 09-480, 2009 WL 1684444, at *2-*3 (M.D. Fla. June 16, 2009) (applying Twombly standard in ruling that a complaint adequately pled claims for negligently training and supervising the employee to use a machine based on allegations of his difficulties in using it, causing injury to plaintiff).

The defendants rely on this court's decision in Soukup v. Garvin, 2008 DNH 120, but it does not help them.  There, in support of the plaintiff's § 1983 claim against a town, the complaint alleged only that it was the town's "policy and/or custom . . . to fail to exercise reasonable care in supervising and training its police officers." Id. at 4.  The court granted the town's motion for judgment on the pleadings because the complaint alleged only these "legal conclusions, with the defendant's name merely plugged into the elements of a municipal

8

liability claim," id. at 8, rejecting the plaintiff's argument that the complaint sufficed because it gave "notice to the defendant of the *claims*" and therefore did not need to allege "the *facts* supporting them," id. at 7. Here, as just discussed at length, the complaint alleges facts to support its claims.

### III. Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings[5] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: May 14, 2010

cc: Sven D. Wiberg, Esq.
Charles P. Bauer, Esq.

---

[5] Document no. 7.